**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**MICHAEL A. MOORE,**

                                    **Plaintiff,**

             v.                                                                        **9:13-CV-616**
                                                                                         **(FJS/TWD)**

**THOMAS GRIFFIN, Deputy of Security,**
**Eastern New York Correctional Facility,**

                                    **Defendant.**

_____

**APPEARANCES**                                                  **OF COUNSEL**

**MICHAEL A. MOORE**
**92-A-9240**
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**                              **COLLEEN D. GALLIGAN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendant

**SCULLIN, Senior Judge**

                                                     **ORDER**

        Plaintiff commenced this civil rights action, pursuant to 42 U.S.C. § 1983, claiming that

Defendant violated his Fourteenth Amendment right to due process at a Tier III disciplinary hearing.

Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure. _See_ Dkt. No. 33. In a Report-Recommendation and Order dated August 4, 2015,

Magistrate Judge Dancks recommended that this Court grant Defendant's motion. _See_ Dkt. No. 38

at 25. Plaintiff filed objections to that recommendation. *See* Dkt. No. 41.

After reviewing a magistrate judge's recommendations, the district court may accept, reject or modify those recommendations. *See* 28 U.S.C. § 636(b)(1). The court reviews *de novo* those portions of the magistrate judge's recommendations to which a party objects. *See Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). """If, however, the party makes only conclusory or general objections, . . . the Court reviews the Report and Recommendation only for clear error.""" *Salmini v. Astrue*, No. 3:06-CV-458, 2009 WL 179741, *1 (N.D.N.Y. June 23, 2009) (quoting [*Farid v. Bouey*, 554 F. Supp. 2d 301] at 306 [(N.D.N.Y. 2008)] (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007))). Finally, even if the parties file no objections, the court must ensure that the face of the record contains no clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quotation omitted).

In this case, Plaintiff takes issue with Magistrate Judge Dancks' failure to make certain factual findings. Specifically, Plaintiff complains that Magistrate Judge Dancks "never actually resolved how much time [Plaintiff] was confined to or what injuries [Plaintiff] suffered from as a result of . . . [his] confinement [in the special housing unit]." *See* Dkt. No. 41 at ¶ 6. As Plaintiff acknowledges, however, Magistrate Judge Dancks did determine that the due process that Plaintiff received was sufficient. *See id.*

In her Report-Recommendation and Order, Magistrate Judge Dancks noted that "Defendant concede[d], for the purposes of the motion, that the amount of time Plaintiff was confined in the SHU was sufficient to implicate a protected liberty interest." *See* Dkt. No. 38 at 11-12. She also noted, however, that the parties disagreed about the total number of days that Plaintiff was confined to SHU. *See id.* at 12 n. 10. Since Defendant conceded that the amount of time Plaintiff was

confined in SHU was sufficient to implicate a protected liberty interest, it was not necessary for

Magistrate Judge Dancks to resolve the parties' dispute regarding this issue. Nor was the resolution

of this dispute relevant to her determination of whether Defendant violated Plaintiff's right to

procedural due process.

Likewise, whether Plaintiff suffered injury as a result of his confinement in SHU was not

relevant to the resolution of his procedural due process claim. Therefore, Magistrate Judge Dancks'

failure to address any such injuries was not error.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order dated August

4, 2015, *see* Dkt. No. 38, is **ACCEPTED in its entirety** for the reasons stated therein; and the

Court further

**ORDERS** that Defendant's motion for summary judgment, *see* Dkt. No. 33, is **GRANTED**;

and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close

this case.

**IT IS SO ORDERED.**

Dated: September 11, 2015
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge